**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK ROCCAFORTE, | : | |
| | : | Civil No. 13-5660 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | OPINION |
| J.T. SHARTLE, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Frank Roccaforte, Pro Se
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Elizabeth Ann Pascal
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE, Chief Judge**

    Frank Roccaforte ("Petitioner"), an inmate incarcerated at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (Docket Item 1). Respondent filed an Answer on March 4, 2014 (Docket Item 4) to which Petitioner replied

(Docket Item 6). This Court has reviewed all documents, and for the following reasons, will deny the petition.

## BACKGROUND

Under 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007, Pub. L. No. 110-199, April 9, 2008 ("the Second Chance Act"), "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community corrections facility."

According to the record of this case, Petitioner received a 46-month sentence after conviction in the United States District Court, Southern District of New York for racketeering offenses. His projected release date is January 12, 2015. *See* Response, Declaration of Donna Broome "Broome Decl.", Ex. 1.

On July 11, 2013, Petitioner's Unit Team at FCI Fairton held a program review and completed a Consideration for Residential Reentry Center Form. The Form outlined the factors to consider in formulating a RRC start date for Petitioner. *See* Response, Declaration of Nancy Mori "Mori Decl." at ¶¶ 3, 4. The Unit Team determined:

2

> Inmate Roccaforte is being referred for Residential Re-entry Center placement for a period of 151-180 days, pursuant to the Second Chance Act. The Unit Team has determined the recommended placement is of sufficient duration to provide the greatest likelihood of successful reintegration into the community. He will be able to use this time to establish employment and enhance family ties. Based upon his history of substance abuse and special conditions of supervision, transitional services are recommended. Inmate Roccaforte has three years Supervised Release to follow.

*See* Mori Decl. at Ex. 2. Petitioner's report date for RRC placement is July 17, 2014. *See* Mori Decl. at ¶ 7.

Petitioner argues that his Unit Team failed to consider the proper factors, including his minimal job skills, lack of community resources, institutional programming and risk of recidivism. *See* Petition at pp. 2-4. He asks this Court to order FCI Fairton to recalculate his time award in accordance with the Second Chance Act.

## DISCUSSION

**A.   Jurisdiction**

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."

3

*Coady v. Vaughn*, 251 F.3d 480, 485-486 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant petition because Petitioner was incarcerated in New Jersey when he filed the petition, and he challenges the denial of early release on federal grounds. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-44 (3d Cir. 2005); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990). Moreover, if the Bureau of Prisons ("BOP") incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus. *See Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Barden*, 921 F.2d at 479.

B.  **Petitioner Has Failed to Exhaust Remedies.**

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. *See* 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the

Warden signed the response. *See* 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. *See id.* Appeal to the General Counsel is the final administrative appeal. *See id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

According to the BOP's records and Petitioner's own admission, Petitioner has not completed his administrative remedy process. *See* Response at p. 8, citing Broome Decl. at ¶ 5; Petition, p. 1.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g., Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981); *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*Goldberg v. Beeler*, 82 F. Supp.2d 302, 309 (D.N.J. 1999), *aff'd*, 248 F.3d 1130 (3d Cir. 2000); *see also Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility).

Here, Petitioner has not exhausted administrative remedies, claiming he did not have time to do so. As such, the Petition is dismissible for failure to exhaust.

**C.     Alternatively, the Petition Must Be Denied as Meritless.**

It is well-established that the Second Chance Act does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence. *See Wilson v. Strada*, 474 F. App'x 46, 48-49 (3d Cir. Apr. 9, 2012); *see also Travers v. Federal Bureau of Prisons*, 2009 WL 4508585 (D.N.J. Nov. 30, 2009) (Hillman, J.) (finding that "... nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120-150 days already approved. These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons . . . .").

It is clear that Petitioner does not have a liberty interest in a vested right to reduction of his sentence by means of his placement in a RRC: the decision is statutorily reserved to be subject to the BOP's discretion. *Cf. Magnin v. Beeler*, 110 F. Supp.2d 338, 340 n.2 (D.N.J. 2000). The statutory or ensuing regulatory enactments merely created an entitlement protected by the Due Process Clause, *i.e.*, these provisions merely protect Petitioner's expectation to be evaluated for such placement. *Cf. Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (addressing the right to parole consideration); *see also Board of Pardons v. Allen*, 482 U.S. 369 (1987); *Prevard v. Fauver*, 47 F. Supp.2d 539, 545 (D.N.J.), *aff'd*, 202 F.3d 254 (3d Cir. 1999). Correspondingly, Petitioner has no vested right in either being evaluated for RRC placement on a certain date or in being placed in a RRC on a certain date: rather, he has a right to be evaluated, generally, and to be placed in a RRC if the BOP concludes, upon due evaluation, that Petitioner shall be so placed.

In this case, Petitioner was considered for RRC placement, and the record reflects that he received an RRC placement of 151-180 days by his Unit Team. Petitioner has presented no reason to upset the findings of the BOP. Although Petitioner disagreed with the BOP's decision, it is clear from the record that Petitioner was properly considered for RRC placement and received such a placement, and thus

no constitutional violation occurred. As such, he is not entitled to habeas relief under § 2241.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby denied.

An appropriate Order accompanies this Opinion.


                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE, Chief Judge
                                      United States District Court

Dated:   **July 14, 2014**